REGAN, Judge.
Plaintiff, the Orleans Shoring Company, Inc., instituted this suit against the defendants, J. B. DeVillentroy, individually, allegedly “doing business as United Real Estate” and the “United Real Estate Company, Inc.,” endeavoring to recover by virtue of the terms of a written contract the sum of $650 representing the cost of furnishing labor and equipment for moving a house from S. Claiborne Avenue to Ken-ner, Louisiana.
In conformity with the rules of the First City Court the defendant, DeVillentroy, simultaneously pleaded the exceptions of no cause or right of action and then, in his answer, asserted that “the plaintiff contracted with United Real Estate Co., Inc., a Louisiana corporation and not with him individually” for the moving of the house from S. Claiborne Avenue to Kenner, La.
No answer appears in the record on behalf of the other defendant, United Real Estate Company, Inc.
The trial judge referred the foregoing exceptions to the merits and after a trial thereon maintained the exceptions and dismissed plaintiff’s suit. From that judgment plaintiff has prosecuted this appeal.
The pertinent portion of the contract upon which this suit is predicated reads:
"United Real Estate 2845 N. Roman St. New Orleans, La. By. 8354 July 6, 1954 In Re: 2712 S. Claiborne Ave.
* * * *
“Gentlemen:
“For the sum of six hundred fifty Dollars ($650.00), we hereby agree to furnish all labor and equipment for the moving of the house from the above address to Williams Blvd. in Kenner, La. * * *
“Date 7-7-54
“Accepted: (Signed) J. B. DeVillentroy
“WED/jtb.”
Payment was not made upon completion of the work and plaintiff instituted this suit initially against “J. B. DeVillentroy” individually who it alleged was “doing business as United Real Estate” and shortly thereafter filed a supplemental petition and asserted therein that it had “learned * * * that United Real Estate is a corporation * * * and that * * * petitioner wishes to make it a party * * * to this suit and that the * * * corporation is * * * indebted unto * * * petitioner in the * * * sum of $650.00 * * *.”
Plaintiff obviously conceded, by virtue of its supplemental petition, that it recognized that it was not the intention of J. B. DeVillentroy to sign the contract as an individual, but rather as an officer of the United Real Estate Company, Inc., and that the work performed by the plaintiff actually inured to the benefit of the corporation; however, it contends that the United Real Estate Company, Inc., never authorized De-Villentroy, by virtue of a resolution of its directorate to accept the offer of Orleans *276 Shoring Company, Inc., to perform the work fot the sum of $650, and, therefore, DeVillentroy is individually liable thereon and points in support thereof to Article 2996 of the LSA-Civil Code which reads:
“A mandate conceived in general terms, confers only a power of administration. If it is necessary to alienate or give a mortgage, or-do any other act of ownership, the power must be express.”
The only question posed for our consideration is whether the trial court properly maintained the exceptions and dismissed plaintiff’s suit against DeVillentroy individually.
Manuel Calderara testified that he was President of the United Real Estate Company, Inc., and that the contract upon which this suit is predicated was between Orleans Shoring Company, Inc., and United Real Estate Company, Inc., represented by J. B. DeVillentroy, its vice-president, and that the services rendered in conformity with the terms of the contract inured wholly to the benefit of the United Real Estate Company, Inc.
DeVillentroy testified that he had never conducted any business of his own under the trade name of “United Real Estate” nor had he represented to the plaintiff that he was individually engaged in business under that name.
The foregoing testimony stands uncon-tradicted in the record.
On the other hand, the record is barren of any evidence introduced on behalf of plaintiff to the effect that the articles, bylaws or directorate of the corporation prohibited DeVillentroy, as Vice-President of United Real Estate Company, Inc., from entering into such a contract with the plaintiff.
The principle that an officer or agent acting within the scope of his express or implied authority on behalf of a corporation will not thereby incur personal liability for the obligations of the corporation, except for acts of fraud, malfeasance or criminal wrongdoing, is a fundamental concept of our corporate law, and is too well settled to require citation in support thereof. Act 250 of 1928, LSA-R.S. 12:1 et seq.
Justice Holmes once observed that the existence of a corporation is a fiction, but the significance of that fiction is that the liability of its members shall be determined as if the fiction was the truth. That fiction or artificial creation is wholly within the power of the creator, and the persons who deal with it must be taken to understand that it is so.
We are, therefore, of the opinion that the judgment maintaining the exception and dismissing plaintiff’s suit as to DeVil-lentroy was correct.
We notice that the trial court also dismissed the plaintiff’s suit as to United Real Estate Company, Inc. The pleadings and the evidence contained in the record indicate that he erred in this respect and we believe that the case should be remanded in order that plaintiff may have an opportunity to proceed with its claim against the defendant United Real Estate Company, Inc.
For the reasons assigned the judgment appealed from insofar as it maintains the exceptions of no right or cause of action and dismisses plaintiff’s suit against DeVil-lentroy is affirmed, however, it is reversed insofar as it dismisses plaintiff’s suit against United Real Estate Company, Inc., and it is now ordered that this cause be remanded to the First City Court of New Orleans for further proceedings according to law and not inconsistent with the views herein expressed.
Affirmed in part.
Reversed and remanded in part.