146 So.2d 61 (1962)
L. L. RIDGWAY COMPANY, Inc.
v.
Everard W. MARKS and Discovery Oil and Gas Company, Inc.
No. 772.
Court of Appeal of Louisiana, Fourth Circuit.
September 17, 1962.
Rehearing Denied November 12, 1962.
James J. Morrison, New Orleans, for defendants-appellants.
Thomas A. Rayer, New Orleans, for plaintiff-appellee.
Before SAMUEL, PICKETT and MOSS, JJ.
SAMUEL, Judge.
This is a suit for $705.33, the balance due on an open account for photocopy work and supplies. The two defendants are a Louisiana corporation and its president and *62 principal stockholder, judgment in solido being prayed for against both. The suit against the corporation was stayed on a plaintiff motion based on the fact that the corporation had filed a petition for reorganization under the Bankruptcy Act in the United States District Court for the Eastern District of Louisiana and the case was tried only as against the other defendant.
Exceptions of no right or cause of action and an answer denying liability were filed by the individual defendant. The trial court overruled the exceptions and rendered judgment on the merits against the individual defendant. That defendant has appealed.
In this court appellant urges several specifications of error including one involving a report to the Federal Court by the trustee in bankruptcy, a certified copy of which was received in evidence and was relied upon, almost exclusively, by the trial court in finding facts upon which the judgment is based. Timely objections during the course of the trial effectively prevented an enlargement of the pleadings and the admissibility of the report presents a serious question. But our conclusion on appellant's contention that his exception of no cause of action should have been maintained makes a consideration of the other specifications unnecessary. In connection with that exception all well pleaded allegations of fact are accepted as being true.
After setting out that plaintiff rendered services and sold supplies on an open account upon which there is an unpaid balance of $705.33 in accordance with an attached statement of account, the statement being addressed to the corporation alone and reflecting 14 charges covering the period from July, 1959 through December, 1960, with credits for payments made in December, 1959 and May, 1960, and that Discovery Oil and Gas Company was incorporated by appellant and two other persons on March 17, 1959, with appellant owning 98 of the 100 shares of corporate stock, the petition includes the two following articles, VI and VII, which contain the only other allegations pertinent to liability on the part of the appellant:
"That, upon information and belief, petitioner avers that the entire assets of the corporation known as, `DISCOVERY OIL AND GAS COMPANY, INC.,' were acquired with funds belonging to the defendant, EVERARD W. MARKS; that DISCOVERY OIL AND GAS COMPANY, INC., and EVERARD W. MARKS are actually one and the same identity; that EVERARD W. MARKS, as president of said corporation is the sole managing head and director of said corporation, and the sole owner thereof; the other incorporators having no control in any way; that all of the acts of said corporation are under his exclusive control and direction so that to all intents and purposes such acts are his own; that, in truth and fact, the business of DISCOVERY OIL AND GAS COMPANY, INC., is the business of EVERARD W. MARKS, as an individual, said corporation having been formed for purposes of convenience and a means of attempting to defeat his own personal liability for indebtednesses incurred for his own account.
* * * * * *
"That, upon information and belief, petitioner avers that the defendant, EVERARD W. MARKS engaged in buying and selling oil and gas leases for his own account for several years prior to the creation of the defendant corporation; that the operations of the defendant corporation are merely a continuation of his personal oil and gas business; that any stock registered on the books of said corporation in the names of parties other than the said EVERARD W. MARKS has been fictitiously transferred to said persons without the giving to said corporation of any valuable consideration therefor."
*63 A corporation is a legal entity separate and distinct from the individuals who compose it. Under express statutory provision the shareholders of the defendant corporation are not personally liable for debts of the corporation. LSA-R.S. 12:19(B). And generally the liability of directors and officers of a corporation is determined under the laws of agency or, in Louisiana, mandate; if they do not purport to bind themselves individually they do not incur personal liability for debts of the corporation except for acts of fraud, malfeasance or criminal wrongdoing. LSA-R.S. 12:1 et seq.; Schulze v. Saemann, La.App., 128 So.2d 222; Orleans Shoring Company v. De Villentroy, La.App., 92 So. 2d 274; Air Waves v. Link, La.App., 89 So. 2d 422; LaParie v. Totora, La.App., 62 So. 2d 658; 19 C.J.S. Corporations § 839; 13 Am.Jur., Corporations, § 1044 and § 1049.
Limitation of liability is a primary reason for incorporating and we know of no Louisiana law which prohibits the so-called "one man" corporation. The rule is:
"An individual may incorporate his business for the sole purpose of escaping individual liability for the debts of the corporation, and the fact that one owns a majority of the stock in a corporation does not, of itself, make him liable for the transactions of the corporation, or for its debts; and, in theory of law, although all the shares pass into the hands of one person, yet so long as the corporate existence is maintained, the liability of this one person as a stockholder and his immunity from such liability are the same as where there are many stockholders." 18 C.J.S. Corporations § 581.
In the instant case the petition and attached statement of account establishes a valid incorporation and the fact that the account was with the corporation alone. There is no allegation of a discontinuance of the corporate existence or of fraud, malfeasance, criminal wrongdoing or such mismanagement as could conceivably result in personal liability on the part of appellant in any of his alleged capacities as president, director, manager or shareholder. The last parenthetical clause in the first article quoted above, that the corporation was formed as a means of attempting to defeat appellant's personal liability for indebtednesses incurred for his own account, is also insufficient to establish such liability. We are here concerned with appellant's management and conduct of the corporation, particularly quoad the plaintiff, and the petition fails to allege that plaintiff was in any way misled into extending credit to the corporation or that any reliance was placed upon the individual's rather than the corporation's credit.
For the reasons assigned, the judgment appealed from is annulled, avoided and reversed and it is now ordered that the exception of no cause of action be maintained and that plaintiff's demand against the defendant-appellant be rejected; all costs to be paid by plaintiff-appellee.
Reversed and rendered.