245 So.2d 757 (1971)
HUGHES REALTY COMPANY, Inc.
v.
Gerald PFISTER.
No. 4148.
Court of Appeal of Louisiana, Fourth Circuit.
March 8, 1971.
*758 Reed, Reed & Reed, Floyd J. Reed, New Orleans, for plaintiff-appellee.
Midlo & Lehmann, Rene Lehmann, New Orleans, for defendant-appellant.
Before REDMANN, TAYLOR and STOULIG, JJ.
STOULIG, Judge.
The plaintiff, Hughes Realty Company, Inc., filed suit against the defendant, Gerald Pfister, endeavoring to recover the sum of $500, together with interest and attorney's fees which he asserts the defendant owes on a demand note executed by the defendant and transferred to the plaintiff by one John R. Hughes.
The defendant answered, admitted that he executed and failed to pay the note in question, but asserted that the debt represented by the note had been extinguished by compensation. In addition, the defendant filed a reconventional demand, wherein he asserted that the plaintiff corporation is one of three corporations wholly owned by John R. Hughes. The defendant further asserted that Hughes employed him as an accountant and tax consultant to render professional services to Hughes and to the three corporations, and that he has never been paid the sum of $627 for services rendered by him in the course of said employment. Consequently, he asserts that the obligation represented by the $500 note is extinguished as a matter of law by compensation with the sum of $627 allegedly due him.
After a trial on the merits in the lower court, judgment was rendered in favor of the plaintiff and against the defendant in the sum of $500, together with interest and attorney's fees. From that judgment the defendant has prosecuted this appeal.
The record reveals that at the trial in the lower court the plaintiff introduced into evidence the demand note in question dated December 9, 1960; a cancelled check of Hughes Realty Company, Inc., dated *759 December 9, 1960, in the amount of $500 payable to the defendant; and a demand letter from Hughes Realty Company, Inc., to the defendant dated May 23, 1962. Plaintiff thereupon rested its case, predicated upon the documents introduced.
Thereafter, the defendant was placed on the witness stand and attempted to give testimony with regard to the fact that John R. Hughes owed him the sum of $627 for services rendered by him as an accountant and tax consultant to the three corporations owned by Hughes, one of which is the plaintiff corporation. The plaintiff objected primarily to evidence being taken from the defendant in support of the plea of compensation on the ground that the defendant was attempting to plead in compensation against the plaintiff, an unliquidated debt allegedly owed by a third person who was a stranger to the law suit.
The trial judge maintained the plaintiff's objection, but allowed the defendant to make a proffer of evidence by dictating into the record what he would have proved if the plaintiff's objection had not been maintained.
In essence, the proffer by the defendant asserts that he was employed by John R. Hughes to perform services for three corporations which are wholly owned by him: Hughes Construction Company, Hughes Realty Company, Inc., and New Orleans Shoring Company, Inc. The defendant further proffered the fact that he "rendered bills for services rendered to Mr. John R. Hughes on behalf of these corporations," and that Hughes on the letterhead of Hughes Construction Company, advised the defendant that as soon as he presented Hughes Construction Company with a bill for the exact amount owed for the three companies a check would be mailed forthwith.
It is significant to note that nowhere was there an offer of proof to show the existence of any fraud or deceit on the part of Mr. Hughes, or that Mr. Hughes disregarded the corporate entities in question to such an extent that they constituted his alter ego or a mere conduit for his performance of business services.
The general rule in Louisiana, as in other states, is that an individual may incorporate his business for the sole purpose of escaping individual liability for corporate debts. This is often a primary or solitary reason for incorporation, but as long as the corporate existence is maintained intact, immunity from liability of a majority shareholder or even a sole shareholder is the same as if there were a multiplicity of shareholders.[1]
Exceptions to this general rule exist where a shareholder has practiced fraud upon a person through a corporation and where a shareholder disregards the corporate entity to such an extent that the separate individualities of the corporation and its shareholders have ceased to exist, so that the corporation is merely the alter ego of the shareholder or shareholders.[2]
In the present case, there has been no suggestion that Hughes has perpetrated a fraud or that he has disregarded the corporate entity of any of the three corporations owned by him. No basis has been advanced or foundation established for permitting the defendant to pierce the corporate veil and to prove that John R. Hughes, individually, is the real party in interest and Hughes Realty Company merely a nominal plaintiff.
The four cases cited by the defendant in support of his plea of compensation are not applicable to the case now before the court. In Lucey Mfg. Corporation v. Oil City Iron Works,[3] the court allowed a plea of *760 compensation against a parent corporation of the plaintiff corporation where the evidence clearly showed that the plaintiff corporation had consistently been run as a mere branch or instrumentality of the parent corporation. In Johnson v. Wilson,[4] the court allowed a reconventional demand against the plaintiff's insurer where the plaintiff sued "individually and for the use and benefit of" the insurer. In this case the court reasoned that the insured plaintiff was merely a nominal party representing the real party in interest, the insurer. In Dugas v. Lewis-Chambers Const. Co.,[5] the court allowed a reconventional demand against an assignor where it was clearly established that the assignment to the plaintiff-assignee was confected for the sole purpose of avoiding the defendant's counterclaim. Finally, in Smith v. Atlas Cordage Co.,[6] the Supreme Court allowed a reconventional demand against a nonresident not a party to the suit where it was clearly established that the plaintiff who sued in his individual name sued in reality only for the benefit of the nonresident. In all of these cases, it is clear that either a fraud was practiced by virtue of the corporate entity or that the actual plaintiff was merely the alter ego of the real party in interest.
Compensation is one of the methods of extinguishing an obligation enumerated under Civil Code Article 2130. It is also one of the modes of discharging a negotiable instrument, i. e., a promissory note. As recognized in LSA-R.S. 7:119(4), a negotiable instrument is discharged "by any other act which will discharge a simple contract for the payment of money."
According to Articles 2207, 2208, and 2209 of our Civil Code, when two persons are indebted to each other, compensation takes place by the mere operation of law and the obligations are reciprocally extinguished, as soon as they exist simultaneously and to the amount of their respective sums, provided they have "equally for their object a sum of money, or a certain quantity of consumable things of one and the same kind and which are equally liquidated and demandable." (Emphasis added.)
Although LSA-C.C. art. 2208 provides that compensation takes place by operation of law and the obligations affected thereby are reciprocally extinguished, this codal article must be construed with Article 2232 of our Code, which states in part:
"On the other hand, he who contends that he is exonerated, must prove the payment or the fact which has produced the extinction of the obligation."
Ford v. Clark, 203 So.2d 775 (La.App.2d Cir. 1967); Gulf States Finance Corp. v. Moses, 56 So.2d 221 (La.App.2d Cir. 1951).
Thus, it follows that although a plea of compensation is recognized as a method of extinguishing an obligation which takes effect by the mere operation of law, it must be asserted as a special defense, and the burden of proof rests with the proponent.
To sustain his plea of compensation, the defendant must satisfy the mandatory requirement of LSA-C.C. art. 2209 by establishing that his claim of $627, for services rendered, is "equally liquidated and demandable" as that of the plaintiff. He must prove by a preponderance of the evidence that the debt is for a certain amount or for an amount capable of ascertainment by mere calculation in accordance with accepted legal standards, and that it is the obligation of the party against whom the plea is urged. See Olinde Hardware & Supply Co. v. Ramsey, 98 So.2d 835 (La. App. 1st Cir. 1957), and the cases and authorities therein cited.
The record reflects that the trial court refused to permit the defendant to adduce any proof, testimonial or documentary, *761 on the issue of whether the debt supporting his plea of extinguishment by compensation was an equally liquidated obligation, demandable of the plaintiff. The refusal by the lower court to afford defendant this opportunity effectively deprived him of the right to have the merits of his plea adjudged.
In Exhibit No. 4 of his proffer the defendant identified his statement of services rendered. It reflects the sum of $50 was chargeable for the account of Hughes Realty Company, Inc. Whether the entire claim of $627, or any part thereof, is collectable from the plaintiff corporation is a question of fact to be determined from the evidence submitted. Unquestionably, the defendant should be afforded the opportunity to present his proof in an effort to sustain this aspect of his defense, at least to the extent of the $50 for services allegedly rendered in behalf of the plaintiff. It therefore follows that the case must be remanded for the purpose of permitting such proof.
We are in agreement with the trial court's finding that the defendant should not be permitted to pierce the corporate veil. However, we are of the opinion that the defendant-plaintiff in reconvention is entitled to tender his evidence in support of his plea of compensation, as it relates solely to Hughes Realty Company, Inc. For this reason, the judgment of the lower court in favor of the plaintiff, Hughes Realty Company, Inc., and against the defendant, Gerald Pfister, on the main demand and rejecting the reconventional demand is hereby annulled and set aside. Accordingly, this case is remanded to the trial court for further proceedings consistent with the views herein expressed. Cost of these proceedings is to await the final disposition of the matter.
Annulled and remanded.
REDMANN, Judge (dissenting in part).
Defendant pleaded that the $500 bearer note sued on "represents" a loan from John R. Hughes, sole stockholder (and president) of plaintiff corporation; that Hughes had employed defendant to do accounting work for Hughes, plaintiff corporation and two others of which Hughes was sole stockholder; that Hughes made the loan to defendant "in anticipation of monies which were to be due to defendant by said John R. Hughes"; that defendant is due $627 for the accounting work.
I believe a liberal interpretation of these allegations would justify admitting evidence to show that the $500 loan was made by Hughes individually, and with the understanding that the indebtedness was to be satisfied out of the anticipated debt Hughes would owe defendant for the accounting work.
If defendant can prove these circumstances, plaintiff should not have recovery on the note because the note would have been discharged in the manner originally intended by the parties. Defendant's plea styled compensation is really one of extinguishment.
Plaintiff corporation would not be a holder in due course of a note issued to its president, Hughes, since it would have the knowledge its president had.
A separate suit by defendant against Hughes may not solve the problems inherent in the note's interest and attorney's fees provisions. The note would long ago have been discharged if Hughes had credited defendant with the money allegedly due.
I concur that the judgment in plaintiff's favor must be set aside and the matter remanded, but I dissent from limiting defendant to showing the $50 charge for services related to this corporate plaintiff's books. I believe the entire question of extinguishment ought to be tried in this suit, rather than in another suit by defendant against Hughes individually.
NOTES
[1] See L. L. Ridgway Company v. Marks, 146 So.2d 61 (La.App. 4th Cir. 1962), and Texas Industries, Inc. v. Dupuy & Dupuy Develop., Inc., 227 So.2d 265 (La. App. 2d Cir. 1969).
[2] See Texas Industries, Inc. v. Dupuy & Dupuy Develop., Inc., supra.
[3] 15 La.App. 12, 131 So. 57 (La.App. 2d Cir. 1930).
[4] 97 So.2d 674 (La.App. 1st Cir. 1957).
[5] 187 So. 117 (La.App.Orl.1939).
[6] 41 La.Ann. 1, 5 So. 413 (1888).