331 So.2d 517 (1976)
Roy CAMP, Plaintiff-Appellee,
v.
R. C. GIBBS, Defendant,
Jenard M. Gross d/b/a Gross Construction Company, Garnishee-Appellant.
No. 12880.
Court of Appeal of Louisiana, Second Circuit.
April 19, 1976.
*518 Nelson & Achee, Ltd., by Dale G. Cox, Shreveport, for garnishee-appellant, Jenard M. Gross d/b/a Gross Const. Co.
Bodenheimer, Jones, Klotz & Simmons, by Harry D. Simmons, Shreveport, for plaintiff-appellee.
Before PRICE, HALL and MARVIN, JJ.
HALL, Judge.
In this garnishment proceeding, Jenard M. Gross, garnishee, appeals from a judgment rendered against him in favor of Roy Camp, plaintiff, in the amount of $2,538.22, plus interest and attorney's fees, being the balance due on a judgment previously rendered in favor of plaintiff against R. C. Gibbs. We reverse the judgment of the district court and order the garnishment proceeding against Jenard M. Gross dismissed.
On November 8, 1968, plaintiff obtained a judgment against R. C. Gibbs. In September, 1972, plaintiff filed a petition for garnishment naming as garnishee "Jenard M. Gross d/b/a Gross Construction Company." Gross, in proper person, answered the interrogatories attached to the petition. In answer to the question of whether he was indebted to defendant in an amount sufficient to satisfy the writ of fieri facias issued herein, Gross answered: "Yes, but materials have been installed on jobs and have not been paid for; which would take all funds available to satisfy." In answer to a question if he had made any payment to or had any transaction with defendant since service of the garnishment petition Gross answered: "No. I have paid the supplier that furnished materials on our job to the sum of $5,817.64." Thereafter, on ex parte motion of the judgment creditor, judgment was rendered against Gross as garnishee for the balance due on the judgment against Gibbs.
Subsequently, Camp and Gross filed a joint motion to set aside the judgment *519 against garnishee because ". . . of difference of interpretation of the answers to interrogatories by garnishee, it being understood that attorney for garnishee will obtain additional information for clarification of answers . . ."
Gross then filed an answer to the petition for garnishment and amended answers to the interrogatories denying any indebtedness to Gibbs. It was alleged that Jenard M. Gross had no contract with Gibbs; that Gross Builders, Inc. had two contracts with Gibbs whereby Gibbs was to furnish labor and materials in connection with a construction project in Caddo Parish calling for payment of $32,793; that $25,627 had been paid to Gibbs on the contracts; that Gibbs was indebted to a supplier of material for $7,227.75, which supplier had filed a lien for that amount against the construction site property; that Gibbs' contract with Gross Builders, Inc. provided that Gibbs would furnish a lien release or that the contractor could make checks jointly to the subcontractors and suppliers; and that the amount due on the materialmen's lien exceeds the balance due on the contract to Gibbs.
Camp filed a motion to traverse the answer of garnishee alleging that Gross Builders, Inc. is not a Louisiana corporation, has not qualified to do business in the State of Louisiana, and that the construction project was actually constructed by Jenard M. Gross d/b/a Gross Builders. Plaintiff prayed that the original judgment against garnishee be reinstated.
The controversy was submitted to the court for decision on a joint stipulation of facts as follows:
"a. That Jenard M. Gross is the sole shareholder of Gross Builders, Inc.
b. That Gross Builders, Inc. is a Texas Corporation and has not qualified with the Secretary of State, State of Louisiana to do business in Louisiana.
c. That the building permit to construct the Southfield Apartments, 109 Southfield Road, Shreveport, Louisiana was applied for by Wayne E. King who showed the owner as Jenard M. Gross.
d. That the ownership of Southfield Apartments is in King's Highway Joint Venture, a partnership composed of Interstate Electric Company of Shreveport and Jenard M. Gross.
e. That the R. C. Gibbs was a subcontractor under contract with Gross Builders, Inc. represented by Stanley J. Williams, President to perform terrazzo tile work on Southfield Apartments as per copies of contracts attached hereto and made a part hereof.
f. That on or about September 1, 1972, R. C. Gibbs had been paid a total of $25,627.00 on the two contracts aforementioned.
g. That on or about September 1, 1972, there remained a balance of $7166.00 on the sub-contract between R. C. Gibbs and Gross Builders, Inc.
h. That Roy Camp had a garnishment served on an individual (not Jenard Gross) in Shreveport, Louisiana, at Southfield Apartments with said petition naming Jenard M. Gross d/b/a Gross Construction Company as Garnishee.
i. That since service of the garnishment as set forth, no payments have been made as to the sub-contract except to suppliers of materials.
j. That M & M Tile Sales, the supplier of materials to R. C. Gibbs on Southfield Apartments, filed a lien subsequently in the sum of $7,227.75 for materials used in the construction.

*520 k. That in order to obtain a cancellation of the lien and permit disbursement of loan proceeds on the projects, in behalf of Kings Highway Joint Venture, the closing attorney paid the remainder of the sub-contract funds from the loan proceeds to M & M Tile Sales.
l. That the contractor reserved the right to make checks payable jointly to the sub-contractor and supplier in the event a lien release was not furnished by sub-contractor.
m. That no funds are due R. C. Gibbs in excess of the claims of the supplier, M & M Tile Sales, which were paid."
For written reasons appearing in the record, the district court rendered judgment in favor of plaintiff.
On appeal, Gross makes the following specifications of error:
(1) The District Court erred in finding Jenard M. Gross the proper party defendant-garnishee rather than the corporation, Gross Builders, Inc.
(2) The District Court erred in not allowing the defense of set off urged by the defendant-garnishee.
(3) The District Court erred in allowing the corporate veil of Gross Builders, Inc., to be pierced for one purpose but not for all purposes.
The joint stipulation of facts and the copies of the contracts in evidence disclose plainly that Gibbs contracted with Gross Builders, Inc., a corporation represented by its President, Stanley J. Williams. Any balance due to Gibbs under the contracts was due by Gross Builders, Inc., the corporation, and not by Jenard M. Gross individually, unless the corporate entity is to be disregarded and the corporate veil pierced.
The stipulated facts and documents in the record do not justify a conclusion that the contracts were actually entered into by Gross, personally, or that the corporate entity, of which he was the sole shareholder, should be disregarded or that he should be personally responsible for the corporate debt created by the contracts.
The facts relied on by plaintiff to support his contention that Gross, rather than the corporation, was indebted to Gibbs under the construction contracts are (1) Gross Builders, Inc. is not qualified to do business in the State of Louisiana; (2) a building permit signed by one Wayne King shows Jenard M. Gross as the owner and shows the owner as the builder; (3) Jenard M. Gross is the sole shareholder of Gross Builders, Inc.; and (4) Gross was a part owner of the property owned by the joint venture composed of Gross and another party. These facts do not justify disregarding the corporate identity and allowing plaintiff to proceed against Gross individually as if he had entered into the contracts with Gibbs.
Louisiana law expressly and specifically provides that corporations may be formed by one or more persons. LSA-R.S. 12:21. An individual may form a corporation for the sole or primary purpose of avoiding personal liability. As long as the corporate existence is maintained intact, immunity from individual liability of a sole or majority shareholder is the same as if there were a multiplicity of shareholders. Hughes Realty Company v. Pfister, 245 So.2d 757 (La.App. 4th Cir. 1971).
The corporate entity may sometimes be disregarded where a shareholder has practiced fraud upon a person through a corporation and where a shareholder disregards the corporate entity to such an extent that the separate individualities of the corporation and its shareholders have ceased to exist, so that the corporation is merely the alter ego of the shareholder or shareholders. Hughes Realty Company v. Pfister, supra; Texas Industries, Inc. v. Dupuy & Dupuy Developers, Inc., 227 So.2d 265, 268 (La.App. 2d Cir. 1969).
*521 The facts relied on by plaintiff do not even suggest that fraud was practiced by Gross on Gibbs or on plaintiff, with whom Gross had no dealings whatsoever. The facts do not support a finding that Gross disregarded the entity of the corporation, or was merely carrying on his personal business through the corporation, or that the separate individualities of the corporation and its shareholder ceased to exist, insofar as the contracts with Gibbs are concerned. The contracts themselves between Gross Builders, Inc. and Gibbs, upon which plaintiff's entire claim rests, strongly support a contrary conclusion. The contracts clearly stipulate that the contracting party is Gross Builders, Inc., and the contract is signed by Stanley J. Williams as President. The joint stipulation of facts states that Gibbs was a subcontractor under contract with Gross Builders, Inc. The stipulation of facts recites that the balance due was on the subcontract between R. C. Gibbs and Gross Builders, Inc. Any indebtedness owed to Gibbs under the contracts in question was owed by the corporation, not by Jenard M. Gross individually. It follows that plaintiff is not entitled to judgment against Gross individually as garnishee based on an indebtedness owed by the corporation to the judgment debtor.
Even if it could be said that Gibbs' contracts were with Gross personally (and we hold to the contrary), the stipulated facts negate the existence of an indebtedness owed by the general contractor to the subcontractor, Gibbs. It was stipulated that there remained a balance on the subcontract price, but the contracts expressly provide that the subcontractor is to furnish a lien release signed by suppliers, which would be a precedent to payment of the contract price. It is clear from the stipulated facts that this was not done and that, in fact, one supplier remained unpaid and filed a lien for an amount in excess of the balance due on the contract price. Under the stipulated facts, the general contractor, whether it be Gross or Gross Builders, Inc., was not indebted to Gibbs for the balance of the contract price at the time the garnishment was filed. Gibbs could not have enforced payment of the balance due on the contract price. Plaintiff, as judgment creditor of Gibbs, cannot assert any greater rights than could his judgment debtor. The judgment creditor is not entitled to judgment against the general contractor as garnishee based on the subcontracts.
For the reasons assigned, the judgment of the district court is reversed and set aside and it is ordered, adjudged and decreed that there be judgment herein rejecting the demands of plaintiff, Roy Camp, against Garnishee, Jenard M. Gross, and dismissing the garnishment proceedings herein.
Reversed and rendered.