342 So.2d 1186 (1977)
Alfred Henry SAMPAY
v.
James E. DAVIS et al.
No. 11022.
Court of Appeal of Louisiana, First Circuit.
February 14, 1977.
*1187 Ben J. Bagert, Jr., New Orleans, for appellant.
Jacob D. Landry, New Iberia, for appellees.
Before LANDRY, COLE and CLAIBORNE, JJ.
CLAIBORNE, Judge.
Plaintiff, as a guest passenger allegedly injured in a rear-end collision, filed suit against several parties including the appellee. An exception of "no right or cause of action" filed on behalf of Joseph M. Davis, Jr. was sustained. Plaintiff appeals and we reverse.
Judgment on the exception was rendered on December 10, 1975, and the order granting appeal was signed on January 14, 1976. Appellant has designated as a part of the record on appeal the deposition of Joseph Davis which we cannot consider and therefore have not read, because it was taken on January 7 after rendition of judgment and filed February 9 after the order of appeal. It was not before the district court, and, therefore, it is outside the record for the purposes of this appeal.
In any case the exception is more properly designated an exception of no cause of action, which should be decided upon the allegations of the petition, all well pleaded averments of which must be accepted as true.
The sole issue on appeal is whether the plaintiff has stated a cause of action against Joseph M. Davis, Jr. personally as the principal stockholder of Davis Truck Service, Inc. Among the various alternative allegations in the petition is one which avers that the driver of the rear vehicle was employed by Davis Truck Service, Inc. The pertinent allegations of the petition are as follows:

IV.
Davis Truck Service, Inc., was incorporated in the year 1968. On information and belief, it is alleged that ONE THOUSAND (1,000) shares of stock were issued at the time of its incorporation and that NINE HUNDRED NINETY-EIGHT (998) of those shares were issued to Joseph M. Davis, Jr. It is further alleged that if any additional stock was subsequently issued, all such stock was issued to Joseph M. Davis, Jr.
V.
On information and belief, it is alleged that Davis Truck Service, Inc., has fraudulently *1188 incurred debt to Joseph M. Davis, Jr., and to others, all to the detriment of plaintiff herein and other creditors. Said debts have rendered the corporation insolvent, or nearly insolvent, and were incurred deliberately in order to give Joseph M. Davis, Jr., and others preference over other creditors, and, more particularly, your plaintiff.
VI.
On information and believe, it is alleged that when Davis Truck Service, Inc., was organized, it was undercapitalized.
VII.
According to its method of organization, Davis Truck Service, Inc. could be manipulated to the detriment of its creditors, and, more particularly, your petitioner. Thus the defendant, Joseph M. Davis, Jr., was able to withdraw and dispose of, to his own benefit, the capital assets of Davis Truck Service, Inc., thus leaving a mere corporate shell for its creditors, especially your petitioner.
VIII.
It is therefore alleged that Davis Truck Service, Inc., was simply the alter ego of Joseph M. Davis, Jr. Therefore the sole and only reason for the incorporation of Davis Truck Service, Inc., was to enable the defendant, Joseph M. Davis, Jr., to engage in business without incurring any personal liability.
IX.
The recognition of the corporate fiction in this case will result in:
A. Injustice;
B. The justifying of fraud practiced on plaintiff;
C. The evasion of the personal obligations owed by Joseph M. Davis, Jr., to plaintiff;
D. The defense of a crime; and
E. A defeat of the public interest.
For these and for other reasons plaintiffs are praying for a personal judgment against the defendant, Joseph M. Davis, Jr., holding him solidarily liable unto plaintiff with the rest of the defendants herein.
X.
At all times pertinent hereto, Davis Truck Service, Inc., owned the vehicle which defendant, James E. Davis, was driving at the time of the accident made the basis of this suit. Further, petitioner alleges on information and belief that James E. Davis was also in the course and scope of his employment, as an employee of Davis Truck Service, Inc., at the time of the accident made the basis of this suit. Therefore, petitioner alleges that Davis Truck Service, Inc. and Joseph M. Davis, Jr., are responsible for the actions of James E. Davis under the doctrine of respondeat superior.
Without citation of authority appellee simply contends even if all the foregoing allegations are correct, plaintiff has not stated a cause of action because he has no judgment or other liquidated claim against the corporation. It is argued that plaintiff has no cause of action to "pierce the corporate veil" and obtain personal judgment against Joseph M. Davis, Jr., until there is judgment against the corporation which cannot be satisfied on execution.
A corporation is a separate legal entity, distinct from its officers, agents and employees. A corporation and its shareholders are not one and the same even though the number of shareholders is reduced to one. Cefalu v. N. Cefalu Company, 253 So.2d 547 (La.App. 1st Cir. 1971). Limited or inadequate capitalization does not of itself indicate fraud or raise any presumption of fraud, deceit or ill practices on the part of a stockholder. Texas Industries, Inc. v. Depuy & Depuy Developers, Inc., 227 So.2d 265 (La.App. 2d Cir. 1969).
In the case of Camp v. Gibbs, 331 So.2d 517 (La.App. 2d Cir. 1976) the law is succinctly stated as follows:
Louisiana law expressly and specifically provides that corporations may be formed by one or more persons. LSA-R.S. 12:21. An individual may form a corporation for the sole or primary purpose of avoiding personal liability. As long as the corporate existence is maintained *1189 intact, immunity from individual liability of a sole or majority shareholder is the same as if there were a multiplicity of shareholders. Hughes Realty Company v. Pfister, 245 So.2d 757 (La.App. 4th Cir. 1971).
The corporate entity may sometimes be disregarded where a shareholder has practiced fraud upon a person through a corporation and where a shareholder disregards the corporate entity to such an extent that the separate individualities of the corporation and its shareholders have ceased to exist, so that the corporation is merely the alter ego of the shareholder or shareholders. Hughes Realty Company v. Pfister, supra; Texas Industries, Inc. v. Dupuy & Dupuy Developers, Inc., 227 So.2d 265, 268 (La.App. 2d Cir. 1969).
Similar statements may be found in National Bank of Commerce v. Hughes-Walsh Co., 246 So.2d 872 (La.App. 2d Cir. 1963); and Shreveport Sash & Door Company v. Ray, 159 So.2d 434 (La.App. 2d Cir. 1963).
In National Surety Corporation v. Pope, 147 So.2d 239 (La.App. 4th Cir. 1962) the rule is stated thus:
"The very nature and existence of a corporation is, of course, a fiction, but the significance of that fiction is that the liability of its members shall be determined judicially as if that fiction were the truth, and persons who deal with it must understand that this is so.
The courts have created an exception to the foregoing rationale when an individual, owning a majority of stock in a corporation, has utilized the corporate entity as a screen for the purpose of individually practicing fraud or deception upon the public or the creditors thereof."
See also Keller v. Haas, 202 La. 486, 12 So.2d 238 (1943); Noe v. Roussel, 310 So.2d 806 (La.1975); and L. L. Ridgway Company v. Marks, 146 So.2d 61 (La.App. 4th Cir. 1962).
A review of the foregoing cases reveals that the courts have not stripped a principal stockholder of the shield of personal immunity except upon the necessary showing of fraud or other misconduct in which he actually participated or is deemed to have participated through his corporate alter ego. The manner in which books are kept as between the corporation and the principal stockholder may be a determining fact as to separate entity status. Griffin v. Cambridge Construction Company, 236 So.2d 539 (La.App. 4th Cir. 1970). In L. L. Ridgway Company v. Marks, supra, it was held that the plaintiff seeking to pierce the corporate veil must allege that he was misled into extending credit to the corporation or that he relied upon the individual's rather than the corporation's credit. There was no allegation of fraud, and the mere allegation that the corporation was formed as a means of attempting to defeat the stockholder's personal liability for indebtednesses incurred for his own account was not sufficient.
In the present case there are allegations that the corporation and its principal stockholder intended to evade corporate and personal responsibility to the plaintiff through fraudulent practices.
Turning to the question whether plaintiff has no cause of action against the principal stockholder until he has first reduced his claim to judgment against the corporation, we note that in Shreveport Sash & Door Company v. Ray, supra, the plaintiff first secured a judgment against the corporation before proceeding against the principal stockholder in a separate action, but in several other cases this procedure was not followed. See e.g. National Surety Corporation v. Pope, supra, and Texas Industries, Inc. v. Dupuy & Dupuy Developers, Inc., supra.
In Noe v. Roussel, supra, the Supreme Court allowed recovery both against the corporation and its principal stockholder in the same action for an unliquidated claim for damages. In Noe v. Roussel the misconduct consisted of a breach of a fiduciary duty by the principal stockholder who was liquidator of another corporation when he sold property of the corporation in liquidation to his own corporation. Suit was against the liquidator and the purchaser corporation (the liquidator's alter ego).
*1190 The court refused to permit the purchaser corporation to assert its separate entity status, citing Keller v. Haas, supra. It is true the misconduct was actually practiced by the stockholder in that case, but where the corporation is the alter ego of the stockholder and it is alleged that the fraud was practiced with the intention of defeating the plaintiff's rights, among those of other creditors, then the stockholder and his corporate alter ego are the same entity with respect to such plaintiff. We conclude that a tort claimant may proceed against the principal stockholder and his corporate alter ego without first obtaining a judgment against the corporation, provided the allegations of fraud, deception and identity discussed above are otherwise adequate to state a cause of action against such stockholder.
The allegations of the petition set forth fraud or deception practiced upon the public by the appellee through his corporation. Whether the plaintiff can discharge the burden of proving such allegations does not properly concern us, but having stated a cause of action against the appellee, the plaintiff is entitled to a trial of the issue.
For the foregoing reasons, the judgment is reversed and the case remanded for further proceedings in accordance herewith.
REVERSED AND REMANDED.