351 So.2d 184 (1977)
N. A. JOHANSEN
v.
PORT JEWELL INCORPORATED and Edward J. Jewell.
Alfred C. NOYES
v.
PORT JEWELL INCORPORATED and Edward J. Jewell.
No. 8182 Consolidated With No. 8183.
Court of Appeal of Louisiana, Fourth Circuit.
October 12, 1977.
Writ Not Considered December 2, 1977.
*185 Jackson & Stovall, James E. Stovall, New Orleans, for plaintiffs-appellants.
A. J. Capritto, New Orleans, for defendants-appellees.
Before SAMUEL, REDMANN, GULOTA, BOUTALL and BEER, JJ.
BEER, Judge.
This appeal involves consolidated actions, individually commenced. Appellants, Alfred C. Noyes and N. A. Johansen, seek recovery in this court against defendants not cast below.
Although they had entered into written employment contracts with the corporate entity Port Jewell, Inc., they sued the following additional defendants: Edward J. Jewell, individually as stockholder, director and president of Port Jewell, Inc.; Edward Jewell and Associates, Inc. (hereafter, "Associates"); and Dr. Bonnie A. Jewell (Davis), who was alleged to be an officer and director of Port Jewell, Inc., acting in concert with Edward Jewell.
Edward Jewell had an option to purchase 255 acres of land situated on the north shore of Lake Pontchartrain in St. Tammany Parish. He incorporated Associates, and the option to purchase was, subsequently, exercised by Associates. Thereafter, Port Jewell, Inc. was incorporated. Bonnie and Edward Jewell advanced funds to both corporations to cover preparatory work on a proposed marina. Associates leased 80 acres of the 255 acre tract to Port Jewell, Inc. with an option to purchase.
N. A. Johansen, Sr., met Edward Jewell in 1966 through the common acquaintance of Alfred C. Noyes. Johansen had experience in civil engineering and business management. Noyes was experienced in business matters, particularly including some which could benefit the proposed marina. Oral one-year employment agreements *186 were formulated between Jewell and the plaintiffs, specifying a salary for Johansen at $12,000 per year and for Noyes at $15,000 per year, plus car and house rental allowances and certain other expenses. Both plaintiffs testified that they were also to receive amounts of preferred stock in Associates, Inc. as a further inducement for employment.
Edward Jewell had received 80,000 shares of preferred stock in Associates, Inc. in return for the option to purchase the land. From this, Jewell transferred 10,000 shares to Johansen and 20,000 to Noyes.[1] He and Bonnie A. Davis (the former Bonnie A. Jewell) denied that the shares were transferred as inducement to come work at the marina, contending that the shares were "sold" to the plaintiffs (although apparently no funds ever changed hands). No corporate records were introduced to clear this up in any way.
Plaintiffs were not paid their salaries on the basis orally agreed upon and, therefore, sought written employment contracts. These were prepared and signed on September 23, 1966. Port Jewell, Inc. was the named employer. The contracts provided for an annual salary to Mr. Johansen at $12,000 per year and for Mr. Noyes at $15,000 per year, with provisions in both contracts for car and house rental allowances, and, moreover, all legitimate business expenses incurred in behalf of Port Jewell, Inc. were to be reimbursed.
Plaintiffs worked from September of 1966 to March of 1967. Total payments made to Johansen and Noyes were $3,000 and $2,400, respectively. By March of 1967, the disillusioned Noyes and Johansen discontinued their efforts in behalf of the project and, thereafter, filed these suits. The marina was never completed.
Appellants here contend that the trial court erred in the following respects:
Failing to pierce the corporate veil of Port Jewell, Inc., and hold the defendants, Edward Jewell and Associates, Inc., Edward J. Jewell, and Bonnie A. Jewell (Davis) liable for Port Jewell, Inc.'s obligations to plaintiffs.
Failing to hold that the defendants, Edward Jewell and Associates, Inc., Edward J. Jewell, and Bonnie A. Jewell (Davis) breached their fiduciary obligations to the corporation, Port Jewell, Inc., and its creditors, the plaintiffs.
Failing to apply the general principles of equity provided by the Louisiana Civil Code which would have prevented an injustice to the plaintiffs.
Nullifying the plaintiffs' stock certificates in Edward Jewell and Associates, Inc.
Generally, a shareholder of a corporation is not liable personally for an indebtedness of the corporation. LSA-C.C. Art. 437; LSA-R.S. 12:93(B). This rule, and its statutory exception under LSA-R.S. 12:95, were discussed in Hughes Realty Co. v. Pfister, 245 So.2d 757, 759 (La.App. 4th Cir., 1971), as follows:
"The general rule in Louisiana, as in other states, is that an individual may incorporate his business for the sole purpose of escaping individual liability for corporate debts. This is often a primary or solitary reason for incorporation, but as long as the corporate existence is maintained intact, immunity from liability of a majority shareholder or even a sole shareholder is the same as if there were a multiplicity of shareholders.
Exceptions to this general rule exist where a shareholder has practiced fraud upon a person through a corporation and where a shareholder disregards the corporate entity to such an extent that the *187 separate individualities of the corporation and its shareholders have ceased to exist, so that the corporation is merely the alter ego of the shareholder or shareholders." Citing L. L. Ridgway Company v. Marks, 146 So.2d 61 (La.App. 4th Cir., 1962), and Texas Industries, Inc. v. Dupuy & Dupuy Develop., Inc., 227 So.2d 265 (La.App. 2nd Cir., 1969); also see Camp v. Gibbs, 331 So.2d 517 (La.App. 2nd Cir., 1976); Keller v. Haas, 202 La. 486, 12 So.2d 238, 240 (1943); Evergreen Plantation, Inc. v. Zunamon, 319 So.2d 543, 546 (La.App. 2nd Cir., 1975).
In Altex Ready-Mixed Corp. v. Employers Com'l U. I. Co., 308 So.2d 889 (La.App. 1st Cir., 1975) writs denied, La., 312 So.2d 872, "fraud" was characterized as follows:
"Fraud exists if it can be shown that material misrepresentations have been made by one party designed to deceive another, and to obtain some unjust advantage or to cause loss or inconvenience to the other. Article 1847, Civil Code. Article 1848 of the Civil Code provides:
"Fraud, like every other allegation, must be proved by him who alleges it, but it may be proved by simple presumptions or by legal presumptions, as well as by other evidence. The maxim that fraud is not to be presumed, means no more than that it is not to be imputed without legal evidence.'"
Port Jewell, Inc. may have been under capitalized, but there can be no presumption of fraud, deceit, or ill practices on the part of a shareholder because of inadequate capitalization. de Montfort v. Sanctuary Private Schools, 232 So.2d 924 (La. App. 4th Cir., 1970). The Jewells simply attempted to develop the marina through the corporate entities of Port Jewell, Inc. and Associates. They did not defraud the plaintiffs and there is no basis upon which they should be personally cast in judgment. Likewise, the Jewells owed no special fiduciary duty to the plaintiffs under LSA-R.S. 12:91, et seq. inasmuch as those statutory duties are extended only "to the corporation and its shareholders." Furthermore, the stock transactions complained of by appellants appear to be nothing more than efforts by the Jewells to protect their cash investment in the two corporations. We are in accord with the trial court's finding that the claims against Edward J. Jewell and Bonnie A. Davis should be dismissed.
The preferred stock that plaintiffs have been ordered to return was first mentioned during cross-examination of Mrs. Bonnie A. Davis. Later, plaintiffs' counsel raised the issue of how Johansen and Noyes had acquired their stock, whereupon defense counsel objected. During the direct examination of Noyes, the stock ownership issue was again raised, and, again, defense counsel objected. The trial court allowed the testimony but only as it bore on the employment agreements. In the judgment, the trial court annulled the stock certificates in plaintiffs' possession and ordered the return of the certificates to Edward Jewell.
We believe that the stock ownership issue is beyond the pleadings. Admittance of the certificates into evidence does not subject their ownership to adjudication and judicial decree. LSA-C.C.P. Art. 862 provides:
". . . (A) final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief."
The record here fails to show any demand for relief even remotely related to a call for the return of any stock certificates. Nor is there any indication that the pleadings were amended (orally or otherwise) to include this issue. We must, therefore, conclude that the trial court erred in ordering plaintiffs to surrender their own certificates and, accordingly, reverse that portion of the judgment which orders the return of those certain preferred stock certificates issued to Noyes and Johansen.
*188 The two corporations were closely inter-related. For the most part, the directors, officers, shareholders and personnel overlapped. They shared, for all intents and purposes, the same physical facilities and services; and, the project, which included both corporations, was publicly represented as "Port Jewell Resort Marina." There is support for the contention that the employment agreement, actually executed as being between the plaintiffs and Port Jewell, Inc., was, nevertheless, with Associates as well.
Furthermore, the record supports the conclusion that Johansen and Noyes worked at least indirectly for Associates in their sales efforts since the value of the land owned by Associates would be markedly affected by the success of the marina venture.
Plaintiffs actually worked on the project for about six months. Their ex contractu damages vis-a-vis Port Jewell, Inc. are properly calculated as follows:

Johansen[2]
 Contract salary $12,000.00
 Car allowance for one year 1,500.00
 Housing allowance for one year 2,100.00
 Less: salary payments (3,000.00)
 __________
 Total $12,600.00
Noyes
 Contract salary $15,000.00
 Housing allowance 3,000.00
 Car allowance[3] 1,800.00
 Itemized expenses[4] (Pl. Exh.-14) 1,533.35
 Less: salary payments (2,400.00)
 __________
 Total $18,933.35.

However, plaintiffs' efforts, for all intents and purposes, inured to the benefit of Associates as well as Port Jewell, Inc. even though they had no express employment agreement with Associates. In Subdivision Plan. Eng., Inc. v. Manor Develop. Corp., 290 So.2d 375 (La.App. 4th Cir., 1974), plaintiff agreed to perform certain engineering and surveying work of a subdivision which the defendant planned to develop. From the outset, the developer encountered financial difficulties which ultimately culminated in foreclosure proceedings. We determined that a contract did exist which reciprocally obligated both parties to perform thereunder. Having so concluded, we went on to say:
"Because of the financial failure of Manor, the plaintiff did not fully perform the services for which defendant contracted. Under the circumstances we think plaintiff is entitled to a judgment in quantum meruit for services rendered."
Port Jewell, Inc. does not seriously contest its contractual obligation to Johansen and Noyes. Accordingly, we are of the view that that judgment, amended only as previously noted, should be affirmed. Further, we are of the view that there should be a quantum meruit judgment in favor of plaintiffs and against Associates.
Although no fixed scale is available, some reasonable and equitable value for the services rendered to Associates is due from that entity. We believe that a fair value for the services rendered to Associates for the six-month duration of plaintiffs' labors may be determined by looking to the basic, year long employment contracts with Port Jewell, Inc. divided by two, as follows:

*189
Johansen
 Employment contract (divided by
 two) $ 6,000.00
 Less: Salary payments (3,000.00)
 ___________
 Total $ 3,000.00
Noyes
 Employment contract (divided by
 two) $ 7,500.00
 Less: Salary payments (2,400.00)
 ___________
 Total $ 5,100.00.

In order to obviate any sort of double exposure, we point out that any recovery from Associates must, of course, reduce, dollar for dollar, the larger judgment against Port Jewell, Inc.; and, conversely, any amounts which may be recovered by reason of enforcement of the judgment against Port Jewell, Inc. must reduce, dollar for dollar, our smaller judgment against Associates.
Conditioned upon this, we are of the view that Associates should be cast in solido with Port Jewell, Inc., but only to the extent that the in solido judgment be in favor of Johansen in the amount of $3,000.00 and in favor of Noyes in the amount of $5,100.00. Furthermore, we are of the view that the stock certificates issued to Johansen and Noyes were an inducement for (and conditioned upon) their employment by (and efforts in behalf of) Associates. Thus, the trial court erred in gratuitously and summarily ordering the return of the Associates stock held by Johansen and Noyes, particularly in view of the fact that the issue of ownership of those stock certificates was not properly before the court for adjudication.
Accordingly, the judgment of the Civil District Court for the Parish of Orleans is amended and recast as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in Case No. 463-309 in favor of plaintiff, N. A. Johansen, and against Port Jewell, Inc. in the full sum of $9,600.00 plus legal interest thereon from judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in Case No. 463-309 in favor of plaintiff, N. A. Johansen, and against defendants, Port Jewell, Inc. and Edward Jewell and Associates, Inc., in solido, in the full sum of $3,000.00 plus legal interest thereon from judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in Case No. 463-310, there be judgment in favor of plaintiff, Alfred C. Noyes, and against defendant, Port Jewell, Inc., in the full sum of $13,833.35, with legal interest thereon from judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in Case No. 463-310, there be judgment in favor of plaintiff, Alfred C. Noyes, and against defendants, Port Jewell, Inc. and Edward Jewell and Associates, Inc., in solido, in the full sum of $5,100.00 with legal interest thereon from judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any payment by judgment debtor Edward Jewell and Associates, Inc. will reduce, dollar for dollar, the judgment indebtedness of Port Jewell, Inc., and, conversely, any payment by judgment debtor Port Jewell, Inc. will reduce, dollar for dollar, the judgment indebtedness of Edward Jewell and Associates, Inc.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all claims or demands against defendants, Edward J. Jewell and Dr. Bonnie A. Jewell (Davis), individually, are dismissed.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all business records of Port Jewell, Inc. and Edward Jewell and Associates, Inc. in the possession of N. A. Johansen and/or Alfred C. Noyes be turned over to Edward Jewell and Associates, Inc. through its duly authorized representative.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all costs of these proceedings are taxed against Port Jewell, Inc. and Edward Jewell and Associates, Inc., jointly and in solido.
*190 As amended and recast, the judgment is affirmed. All costs of this appeal are taxed against Port Jewell, Inc. and Edward Jewell and Associates, Inc.
AMENDED AND RECAST AND, AS AMENDED AND RECAST, AFFIRMED.
REDMANN, Judge, dissenting in part.
I would hold Edward J. Jewell liable for the debt of Port Jewell, Inc. to plaintiff.
Jewell is liable toward creditors for his breach, arising out of a conflict of interest, of fiduciary duty in failing to exercise Port Jewell's option, under the lease, to acquire from Jewell Associates ownership of the extremely valuable 80-acre marina tract for 80,000 shares of preferred stock.
I see, however, no liability on Jewell Associates and therefore dissent from the judgment against that corporation.
NOTES
[1] During the course of the trial, a photostatic copy (Exh. P-19) of a stock certificate for 55,000 shares dated August 15, 1966, designating Edward J. Jewell as owner and signed by Edward Jewell and A. C. Noyes, was entered into evidence in lieu of the original. The Certified Public Accountant for the corporation could not explain how Mr. Jewell started with a 80,000 share certificate, and later transferring 20,000 shares to Mr. Noyes and 10,000 shares to Mr. Johansen, but ended up with a 55,000 share certificate.
[2] Although Mr. Johansen's employment contract provided for reimbursement of expenses incurred in behalf of Port Jewell, Inc., the record is bare of any evidence whatsoever corroborative of any itemized expenses sustained by him.
[3] The written contract allows to Mr. Noyes a car allowance of $150.00 per month, or $1,800.00 for the one year term of employment. The trial court erroneously computed the car allowance to be $3,000.00.
[4] The written employment contract provided for reimbursement for any expenses incurred by Mr. Noyes in behalf of the business of Port Jewell, Inc.

The trial judge apparently added all of the "Total Expense" figures on the "Traveling Expense Statements" (Exh. P-14) to arrive at the itemized expense total of $6,333.35. However, this was apparently in error, since the "Total Expense" for each month included a car allowance ($150.00 per month) and a housing allowance ($250.00 per month).
The other ingredients of each statement seem to be in order. Accordingly, in order to avoid duplication, we deduct the cumulative car allowances ($1,800.00) and housing allowances ($3,000.00) from the total expenses itemized ($6,333.35) to arrive at an itemized expense total of $1,533.35.