CHEHARDY, Judge.
Defendant, Osmond J. Young, has appealed a judgment awarding his sister, Pearl *133 Young Dickens, $1,450.14 representing the unpaid balance due on a promissory note, plus $750 attorney fees. Plaintiff answered the appeal, seeking an increase in attorney fees to $1,550.10 and damages for frivolous appeal.
The note was given to plaintiff as partial consideration for the sale of her one-eighth naked ownership in a business then operated as Young’s Boát Works. Defendant, after his father’s death, assumed full responsibility of the operation of what had been his father’s business. By a judgment of possession dated January 29, 1976, the deceased father’s interest vested in his four children, subject to the usufruct of their mother. The agreement of sale between defendant and plaintiff, signed January 30, 1976, recites the purchase price as $9,375, of which the seller is stated to have paid $1,624.49 cash and given the non-interest bearing note being litigated now for the balance.
The litigants agree defendant tendered and plaintiff accepted $6,300.47 as partial payment prior to trial. What is at issue on appeal is (1) whether the trial court erred in disallowing defendant an offset for sums allegedly due to him by his sister when this suit was filed; (2) whether attorney fees stipulated in the note were properly allowed; and (3) whether fees were either inadequate or excessive.
In reviewing the first complaint of error, we note defendant failed to specially plead offset as an affirmative defense. C.C.P. art. 1005 stipulates a special defense must be pleaded in the answer; offset is a special defense. Dolphin Swimming Pool Co., Inc. v. Leveque, 347 So.2d 303 (La.App. 4th Cir. 1977). Because the affirmative defense raises new issues which, if established, would defeat plaintiff’s demand even if he proves the allegations in the petition, it must be specially pleaded. Webster v. Rushing, 316 So.2d 111 (La.1975). To afford a fair hearing to all litigants, the plaintiff must be apprised of what new issues will be raised in defense so he may prepare to disprove them to the best of his ability at the time of trial. Bates v. Stewart, 262 So.2d 591 (La.App. 3d Cir. 1972).
Offset or compensation takes place when two persons simultaneously owe each other debts that are equally liquidated and de-mandable. C.C. arts. 2207, 2208 and 2209; Hughes Realty Company v. Pfister, 245 So.2d 757 (La.App. 4th Cir. 1971). Thus if a defendant admits liability for the debt claimed by plaintiff but defends claiming offsetting credits, the plaintiff must know in advance of trial exactly what credits the defendant is raising to defeat his claim on the merits.
However, an affirmative defense may be validly before the court if evidence upon which the affirmative defense could be predicated is admitted without timely objection. Edwards v. Edwards, 282 So.2d 858 (La.App. 1st Cir. 1973); writ refused, 284 So.2d 777 (La.1973); C.C.P. art. 1154 Comments (b).
In this case evidence was admitted without timely objection concerning defendant’s claim for offsetting credits, namely (1) that $300 advanced to Pearl Dickens by defendant was due and owing; and (2) that plaintiff owed defendant $1,150.14, representing her proportion of the succession costs, taxes and legal fees incurred in handling her father’s estate, which had been paid for Ms. Dickens by her brother.
Although appellant succeeded in enlarging the pleadings to state an affirmative defense, he failed to sustain his burden of proof. Having pleaded the special defense, the defendant must prove it by a preponderance of the evidence. Hughes Realty Company v. Pfister, supra.
On the $300 unpaid loan claim, Young testified he advanced from his personal funds $200 in 1972 and $100 in 1974. Both checks, produced in evidence, were drawn on business accounts and one was signed by Mrs. Elda B. Young, the litigants’ mother, who was not called as a witness. Pearl Dickens identified her endorsements on the checks but denied these funds were checks advanced from the personal funds of her brother.
At the trial, held four years after the last check was issued, the conflict in the documentary evidence with Young’s testimony *134 is not satisfactorily explained. Further it is curious that if this were indeed a valid debt, defendant did not seek repayment in 1976 when he purchased his sister’s interest in the business.
We find the same deficiency quod the claim for reimbursement of succession costs and legal fees. Defendant attempts to establish his entitlement to a credit for plaintiff’s pro rata share of estate expenses; however, his testimony and exhibits are not free from ambiguity. Plaintiff testified he paid legal fees of attorney Byron Unkauf of $4,500 and an additional $100.14 in costs and tax pursuant to a statement rendered March 15, 1976. To support this he introduced the attorney’s statement on which a stamped “Paid” has been imprinted. We observe at this point that while defendant produced two checks to prove monies were advanced to his sister years earlier, he failed to produce the cancelled check he allegedly paid to the attorney. We are not satisfied that the bill produced is the full fee for the succession since the invoice reads: Previous Balance $4,500.00”. The succession costs could have been established readily by producing a true copy of the tax return or statement of liabilities filed in the succession. In short defendant has not proved with clarity the fee and charges of the succession nor has he proved payment on behalf of his sister.
Next we consider the inadequacy or excess of the $750 attorney fee award. The note stipulates that if the maker fails to pay the note at maturity the payee is entitled to 20% of the unpaid balance as attorney fees should the holder seek legal assistance in obtaining payment. This is a demand note and plaintiff made written demand by letter of March 14,1978. Plaintiff gave an attorney a court costs advance check dated April 18, 1978, still having received no payment from her brother. By letter dated April 20, 1978, plaintiff tendered payment of $6,300.47 which “satisfies my note to you in the amount of $7,750.51”. Plaintiff returned the check because the language indicated it was offered in full settlement of the debt due on the note. It was not until May 23, 1978 that defendant again tendered the $6,300.47 and claimed the first tender was not made in full settlement. By this time suit had been filed (filing date — April 25, 1978), the obligation to pay an attorney had been incurred and a belated partial tender could not diminish the attorney fee liability on the note.
The note is the contract between the parties and must be enforced as written, unless it is contra bonos mores. People’s National Bank of New Iberia v. Smith, 360 So.2d 560 (La.App. 4th Cir. 1978). Although the note stipulates 20% of the unpaid balance as attorney fees, the trial court awarded $750. Appellee is entitled to have the award increased to conform to the contract provisions. (See First Nat. Bank of Jefferson Parish v. Kindermann, 280 So.2d 888 (La.App. 4th Cir. 1973).
As to the appellee’s request for damages for frivolous appeal, the facts do not support the contention the appeal was taken for the purposes of delay. Further, by filing an answer to the appeal, plaintiff also sought modification of the judgment and was required to present her case to us to obtain it.
For the reasons assigned the judgment appealed from is amended to increase the award of attorney fees from $750 to $1,550.10; and as amended, affirmed. Defendant is to pay all costs.

AMENDED AND AFFIRMED.