504 So.2d 967 (1987)
G.I.'S CLUB OF SLIDELL, INC.
v.
AMERICAN LEGION POST # 374.
No. CA 85 1466.
Court of Appeal of Louisiana, First Circuit.
March 4, 1987.
Tom W. Thornhill, Slidell, for appellant-plaintiff.
Joseph P. Anderson, Jr., Slidell, for appellee-defendant.
Before GROVER L. COVINGTON, C.J., and LANIER and ALFORD, JJ.
ALFORD, Judge.
Plaintiff, G.I.'s Club, Inc. of Slidell, La.,[1] appeals the trial court judgment in favor of the defendant, American Legion Post # 374 (Post), dismissing plaintiff's eviction proceeding in city court.
*968 The plaintiff is a Louisiana corporation organized on April 11, 1973. Original incorporators and shareholders were members of the defendant Post. On August 9, 1973, the plaintiff purchased a lot and building in Slidell, Louisiana, and orally leased it to the Post, an unincorporated organization, for meetings. The leasing arrangements continued until a dispute arose between plaintiff and the Post in late 1984 when the Post sought to have the ownership of the leased property transferred to it. Thereafter, the plaintiff instituted an eviction proceeding in city court. The Post answered, claiming that the plaintiff corporation was created for the specific purpose of providing the Post with a permanent home and that plaintiff was abusing its rights in attempting to evict the defendant. After hearing the testimony and reviewing the evidence, the trial court requested post-trial memoranda on the abuse of rights theory. Thereafter, the trial court agreed with the defendant and rejected plaintiff's eviction suit, finding that "to allow the eviction ... would violate good faith and elementary fairness...."

SPECIFICATIONS OF ERROR NOS. 1 AND 4
Plaintiff appeals, alleging that the trial court erred in refusing to recognize that the plaintiff and defendant are separate entities. In the reasons for judgment, the trial court stated "it is the opinion of the Court that American Legion Post #374 and G.I.'s Club of Slidell, Inc. are, or were, alter egos and it is virtually impossible to distinguish one entity from the other."
A corporation is an entity distinct from all the members who compose it. La.Civ. Code art. 435. As a general rule, individual shareholders are not liable for corporate debts. La.Civ.Code art. 437. However, there are limited exceptions to the rule of shareholders' non-liability whereby the court may ignore the corporate fiction and "pierce the corporate veil" to render the shareholders themselves liable for corporate debts. One such exception involves situations where, even in the absence of fraud, there has been a disregard of the corporate entity to such an extent that the corporation is indistinguishable from its shareholders, Harris v. Best of America Inc., 466 So.2d 1309 (La.App. 1st Cir.1985), writ denied, 470 So.2d 121 (La.1985). When the shareholders fail to conduct the business of the corporation on a separate footing, the corporation is referred to as the "alter ego" of its shareholders. 466 So.2d at 1315. Where fraud or deceit is absent, other circumstances must be so strong as to clearly indicate that the corporation and shareholder(s) operated as one. 466 So.2d at 1315. Louisiana courts have listed the following circumstances which, when viewed as part of the total circumstances in each individual case, justify the imposition of the alter ego doctrine:
(1) Commingling of corporate and shareholder funds;
(2) Failure to follow statutory formalities required for incorporation and for the transaction of corporate affairs;
(3) Undercapitalization;
(4) Failure to provide separate bank accounts and bookkeeping records; and
(5) Failure to hold regular shareholder or director meetings.
[466 So.2d at 1315]
While the testimony in the instant case indicated that some Post members thought that the property should be turned over to the Post as owner, shareholders of the corporation denied that such an agreement was ever reached. The trial court made no mention of any consideration of fraud or deceit in the reasons for judgment. Instead, the trial court adopted the alter ego theory in reference to the relationship between the corporation and the Post (rather than the corporation and its shareholders).
The record shows that the corporation was formed in accordance with the formalities of Louisiana law by several members of the Post. As stated in the original Articles of Incorporation, only members in good standing of the Post could be shareholders in the plaintiff corporation; however, a person did not have to be a shareholder in the corporation in order to be a member of the Post. Testimony indicated *969 that only seventeen to twenty Post members were shareholders. Testimony also indicated that, because of the lack of interest shown by the Post members in owning shares in the corporation, the articles and by-laws were revised to allow shareholders' spouses to purchase shares. At no time did the Post itself become a shareholder in the plaintiff corporation. The plaintiff corporation owned the immovable property. As stated by the trial court, the Post paid the rental fees "consistent with the rental policy established over the years." The plaintiff paid the monthly mortgage notes.
The court stated that the situation was complicated because the officers (president, secretary and treasurer) of the two groups were often the same persons. The original Articles of Incorporation provided that the president of the corporation and the commander of the Post were to be the same person. The fact that a person is an officer, director and stockholder of a corporation does not by itself make that corporation the alter ego of that person. Elnaggar v. Fred H. Moran Construction Corporation, 468 So.2d 803 (La.App. 1st Cir.1985). By analogy, the fact that a person is an officer in both a corporation and an unincorporated association does not make the corporation the alter ego of the association. The record is devoid of any allegations that (1) corporate and individual shareholder (or Post) funds, bank accounts or records were commingled, (2) the corporation was undercapitalized, or (3) regular shareholder and director meetings were not held.
Therefore, we find that the judge was clearly wrong in determining that the corporation and the Post, which was not a stockholder in the corporation, were alter egos.

SPECIFICATION OF ERROR NO. 2
Plaintiff also contends that the trial court erred in basing its judgment upon the equitable theory of abuse of rights. Under La.Civ.Code art. 2685, a building leased without a fixed time limit is considered a month-to-month lease. The party who wants to end this type of lease must give written notice to the other party at least ten days before the end of the month. La.Civ.Code art. 2686, La.Code Civ.P. art. 4701. The record shows that the oral lease between the plaintiff and the Post fit within the requirements of art. 2685. However, the trial court found that the plaintiff as lessor abused its right to end the lease by seeking eviction under La.Code Civ.P. art. 4731.
Abuse of rights is an equitable doctrine that has been used sparingly in Louisiana. Our supreme court has expressly recognized and dealt with the abuse of rights doctrine in Illinois Central Gulf Railroad Company v. International Harvester Company, 368 So.2d 1009 (La.1979). According to Illinois Central, 368 So.2d at 1014, the doctrine can be applied when the holder of the right uses it (1) either exclusively to harm another or where the predominant motive is to cause harm; or (2) where there is no serious or legitimate interest worthy of judicial protection; or (3) in violation of moral rules, good faith or elementary fairness, or (4) for a purpose other than that for which the right was granted.
The record before us contains no evidence that the plaintiff sought to evict the Post for the sole or predominant purpose of harming the Post or for a purpose other than that for which the right of eviction was granted. In a separate action, the Post is seeking ownership of the leased property. The record does include evidence that the plaintiff, as record owner of the property, sought to protect its serious and legitimate interests when faced with the Post's adverse claims. The court found that the plaintiff's eviction action was a violation of good faith and elementary fairness because the parties intended the building to be the Post's permanent home, even though such a provision was not included in the plaintiff's Articles of Incorporation.
In Illinois Central, our supreme court cited Cueto-Rua, Abuse of Rights, 35 La.L.Rev. 965, 996-999 (1975) to explain the good faith or elementary fairness criteria. As stated by Cueto-Rua, supra, at 999:

*970 The reference to the principles of good faith, positive morality, and good customs, indicate their concern with the identification of practices, ways of being, and standards so widely accepted and understood, that the discretions of the judges would become circumscribed.
Cueto-Rua noted examples of violations of this criteria, such as acquisition of property for less than the mortgage amount or wilful nondisclosure of facts that would have caused a contract to be rejected. Cueto-Rua, supra, n. 100 at 999. In the instant case, plaintiff's attempt to evict the Post was in accordance with public policy rather than in violation of a widely accepted and understood standard. Louisiana law requires that a lease be for a "certain time" (a fixed or definite term). La.Civ.Code art. 2674. It is well settled jurisprudentially that a perpetual lease is void as against public policy. As stated by our supreme court in Bristo v. Christine Oil & Gas Co., 139 La. 312, 71 So. 521, 522 (1916):
To recognize that the defendant has the right, without any obligation, to hold the plaintiff's land under a perpetual lease or option, would take the property out of commerce, and would be violative of the doctrine of ownership....
Therefore, our review of the record reveals nothing which would sanction the application of the abuse of rights doctrine. We find that the judge erred, as a matter of law, in applying this doctrine.

SPECIFICATION OF ERROR NO. 3
Plaintiff alleges that the trial court erred in recognizing the Post's right in immovable property where there was no deed or other fixed interest to establish the Post's claim. A review of the trial court's reasons for judgment shows that the judge never recognized any ownership claim by the Post. Therefore, this assignment of error is without merit.

DISPOSITION
For the foregoing reasons, we reverse the trial court's judgment in its entirety and reinstate plaintiff's eviction proceeding. We are unable to render judgment since there is no evidence in the record that the notice required by law for terminating a month-to-month lease and evicting the lessee was ever given to the Post. La.Civ. Code arts. 2685, 2686 and La.Code Civ.P. art. 4701. Therefore, we are remanding to the trial court for action consistent with this opinion. Costs of this appeal are to be borne by the Post.
REVERSED AND REMANDED.
NOTES
[1] The name of the plaintiff is erroneously shown in the petition as G.I.'s Club of Slidell, Inc.