593 So.2d 391 (1991)
Albert JONES, Karen Jones, Individually and as Administrators of the Estate of Their Minor Son, Bryan Jones
v.
Edward A. BRILEY, as Administrator of the Estate of His Younger Son, Tommy Briley, et al.
No. CA 90 2162.
Court of Appeal of Louisiana, First Circuit.
December 27, 1991.
*392 Walter K. Jamison, III, Lafayette, for Independent Fire Ins. Co. and Edward A. Briley.
H. Alston Johnson, III, Patricia H. Wilton, Baton Rouge, for Greensburg Hunting Club, Inc. and Underwriters at Lloyds, London.
James E. Kuhn, Denham Springs, for Allstate Ins. Co., Eugene Broome, George James and Gregory Williams.
John E. Bride, Plaquemine, for Eddie Bassett.
Rodney J. Lacoste, Jr., Meterie, for East Jefferson General Hosp.
Michael V. Clegg, Baton Rouge, for Daniel Tapia, Ray Roshoto, Fred Antie and Duane Anderepont.
Thomas G. Buck, Metairie, for Joseph Lemaire.
Before LOTTINGER, EDWARDS and GONZALES, JJ.
GONZALES, Judge.
This case arises out of a tragic accident. During Thanksgiving weekend of 1988 several *393 members of the Greensburg Hunting Club, a non-profit corporation, were on a hunting trip at the camp in Greensburg, Louisiana. Albert Jones, president of the club, was present with his son, Bryan. Also present were Eddie Briley and his son Tommy. On Saturday morning, November 26, 1988, several club members went hunting together. That afternoon Eddie Briley planned to go into town for supplies. Before Eddie Briley left on his errand his son, Tommy, asked to borrow his .22 caliber pistol. Eddie Briley told his son he could use it but advised him to clean it first. Eddie Briley then left to get supplies. Tommy Briley went into the trailer where the gun was stored and removed it from the case in which it was kept. Bryan Jones was standing in the room at the time. There was no one else in the trailer with them. As Tommy Briley was pulling the gun out of its holster, it discharged, striking Bryan Jones in the forehead. Bryan Jones suffered permanent disabling injuries as a result of the accident, including brain damage and paralysis. Albert and Karen Jones, individually and on behalf of the estate of their son, Bryan Jones, sued Eddie and Tommy Briley, The Greensburg Hunting Club and the individual members of the club.
The individual members of the club (excluding Eddie and Tommy Briley) filed a motion for summary judgment seeking dismissal of the claims against them, contending that the Greensburg Hunting Club is a non-profit corporation and its members are immune from personal liability for damages caused by the accident. The trial court granted partial summary judgment and dismissed those individual club members from the suit. Plaintiffs appeal from this ruling.
Plaintiffs make the following assignment of error:
1. The trial court erred in granting defendant's motion for summary judgment because material facts exist in regard to the liability of the defendants summarily dismissed.
Summary judgment is available only when the pleadings, depositions and affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. The party moving for summary judgment has the burden of showing the absence of a genuine issue as to any material fact. Mashburn v. Collin, 355 So.2d 879, 890 (La.1977). Where the trial court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Duvalle v. Lake Kenilworth Inc., 396 So.2d 1268, 1269 (La.1981).
The plaintiffs contend that the hunting club has not complied with the requisite formalities of a corporation, therefore, the corporate veil should be pierced and the club members held individually liable for the damages caused by the accident because they failed to enact and enforce safety regulations which would have prevented the accident. Plaintiffs contend that whether the requisite corporate formalities were complied with by the club and thus whether the corporate veil can be pierced thereby exposing the individual club members to liability are issues of fact to be determined at a trial on the merits, and that therefore the granting of the motion for summary judgment was improper.
The plaintiffs, in their opposition to the motion for summary judgment, attached an affidavit of the club president, Albert Jones (who is also a plaintiff in this case). Mr. Jones' affidavit states that the hunting club did the following: failed to hold regular meetings, failed to submit annual reports to the secretary of state's office, elected members and officers at meetings where less than half the members were present, added by-laws and additions to the by-laws without a vote of the board of directors or the members. Jones also alleges that he personally acted as both president and secretary of the club, and that members of the club had resigned without submitting a resignation to the board of *394 directors. The plaintiffs allege that these acts amount to a breach of state corporation laws and the by-laws of the club, and that these actions are evidence that the corporation status of the group should be found invalid.
The individual club members, in asking that the judgment sustaining the motion for summary judgment be upheld, have a two-fold argument. First, they argue that because the club is a corporation, its members have no personal liability for the club's debts, including those arising out of the club's tortious acts. Second, they argue that even if the club's corporate status should be ignored and the club treated as an unincorporated association, the individual members are not liable for the damages sustained by plaintiffs. In support of their arguments the individual club members introduced documentary and testimonial evidence, including affidavits and depositions of various club members who stated that they were not in the trailer when the accident occurred and they were not aware that a loaded firearm was kept in the trailer until after the accident occurred. Most of the club members were not at the camp when the accident occurred. A few members were standing outside the trailer where the accident occurred.
We find that even if the granting of the summary judgment was wrong, there is no basis for liability against the individual members of the corporation. In this case, although the trial court appeared to couch its ruling on the motion for summary judgment on the juridical person or piercing the veil issue, it was obviously aware of Justice Dennis' opinion in Ermert v. Hartford Insurance Company, 531 So.2d 506 (La.App. 4th Cir.1988), rev'd 559 So.2d 467 (La.1990), which found that hunting friends were not vicariously liable for an accidental shooting if they were not guilty of any individual fault. Even under the Fourth Circuit opinion, only those present at the time of the incident could be held liable.
The statutes and jurisprudence are clear that shareholders or members in either profit or nonprofit corporations are not responsible for the debts of the corporation. Under Louisiana law, a corporation has an identity separate and distinct from that of its shareholders. La.R.S. 12:93(B); La.C.C. art. 24; Glazer v. Commission on Ethics for Public Employees, 431 So.2d 752, 756 (La.1983); G.I.'s Club of Slidell Inc. v. American Legion Post 374, 504 So.2d 967, 968 (La.App. 1st Cir.1987). What is due to a corporation is not due to any of the individuals who compose it, or vice versa, and a creditor of a corporation cannot compel any of its members to pay what may be due him by the corporation. Glazer, 431 So.2d at 756-757, see also La. C.C. art. 24, comment (d), (the patrimony of a juridical person is distinct and distinguishable from the patrimony of its members). Although the principle of limited liability for shareholders is widely accepted, on some occasions the courts will nevertheless disregard the corporate entity and pierce the corporate veil, holding shareholders personally liable for the corporation's debts. With the principle of corporate immunity the shareholders or members have the initial burden of showing the corporate existence, and defendants carried this burden by use of the corporate charter and other documents. The burden then shifts to the plaintiff to show the exceptional circumstances which must exist in order for the corporate veil to be pierced and individual shareholders or members held liable for a corporate debt.
Louisiana courts have allowed the piercing of the corporate veil under only two exceptional circumstances. First, where the shareholders acting through the corporation commit fraud or deceit on a third party, and second, where the shareholders have failed to conduct the business on a corporate footing, disregarding the corporate entity to such extent that they and it become indistinguishable. In the second situation, the corporation is referred to as the "instrumentality" or "alter ego" of the members. The determination of whether the shareholders have failed to conduct the corporation's business on a corporate footing is to be based on a totality of the circumstances. Where fraud or deceit *395 is absent, as in this case, other circumstances must be so strong as to clearly indicate that the corporation and shareholder(s) operated as one. Harris v. Best of America Inc., 466 So.2d 1309, 1315 (La. App. 1st Cir.), writ denied, 470 So.2d 121 (La.1985). Louisiana courts have listed the following circumstances which, when viewed as part of the total circumstances in each individual case, justify the imposition of the alter ego doctrine:
1) commingling of corporate and shareholder funds,
2) failure to follow statutory formalities required for incorporation and for the transaction of corporate affairs,
3) undercapitalization,
4) failure to provide separate bank accounts and bookkeeping records,
5) failure to hold regular shareholder or director meetings.
G.I.'s Club of Slidell, 504 So.2d at 968.
We note that in most of the cases in which Louisiana courts have allowed a piercing of the corporate veil, there exists one majority stockholder, either an individual or a corporation, which is found to be operating the corporation as its "alter ego" or as an instrumentality of the shareholder. In the case sub judice, each of the corporation members is an equal member.
We will address each of plaintiffs' allegations of action, or inaction, by the nonprofit corporation which they argue should allow piercing of the corporate veil. First, plaintiffs allege the club did not hold regular meetings or issue notices of meetings. Louisiana Nonprofit Corporation Law, R.S. 12:229(B) provides:
The articles or by-laws may provide for the number and time of meetings of members, but at least one meeting of the members shall be held in each calendar year for the election of directors, the time for which shall be fixed in the articles or by-laws. Failure to hold the annual meeting at the designated time shall not work any forfeiture or dissolution of the corporation.
Thus, although nonprofit corporations are required by law to hold members meetings at least once a year, a violation of that requirement does not result in the forfeiture of the corporation.
Plaintiffs' second allegation is that the club submitted no annual reports to the secretary of state's office. This allegation rests upon the assumption that the club was required to send the reports to the secretary during the relevant time period (from the time of the formation of the corporation until the accident). However, that assumption is erroneous. Although the Louisiana corporation laws now require non-profit corporations to submit annual reports to the secretary of state's office by May 15 of each year, that requirement was not added to the law until the regular legislative session of 1988. Therefore, that law was not in effect until September 9, 1988. See La.R.S. 12:205.1 and historical note. Because the amendment became effective on September 9, 1988, the club was not required to send an annual report until May 15, 1989. This accident occurred on November 26, 1988, before that requirement went into effect.
Plaintiffs' third allegation is that one officer and several directors were elected at meetings at which less than half of the members were present. Under La.R.S. 12:225, unless the corporate articles provide otherwise, officers are to be elected (or appointed, as the case may be) by the board of directors, not by the members. However, the articles of incorporation provide that the directors are to be elected by a majority of all members. Consequently, the lack of a quorum of members at the election of an officer does not violate statutory law, only the corporation's own articles of incorporation.
Plaintiffs' fourth allegation is that the corporation's by-laws were adopted and added to without a vote of the board of directors or the members. Louisiana Revised Statute 12:222 provides that the members or the directors of a corporation may make, amend and repeal the by-laws of the corporation and such powers are to be executed by a majority vote of the directors or the voting members of the corporation unless the articles or by-laws provide otherwise. *396 The articles of incorporation provide that by-laws shall be altered by the board of directors, with a majority of the directors constituting a quorum, and a quorum being necessary to consider any question that may come before any meeting of the board of directors. This adoption and alteration of by-laws without a vote of the directors, therefore, did violate the corporation's articles of incorporation and La.R.S. 12:222.
Plaintiffs' fifth allegation is that plaintiff Jones held the positions of both president and secretary in the corporation simultaneously. Under La.R.S. 12:225, a corporation may have one person serve as both president and secretary unless the articles of incorporation provide otherwise. In this case, the corporation's articles of incorporation specifically provide that one person cannot serve as both president and secretary. Therefore, while this was a violation of the corporation's by-laws, this was not a violation of statutory law.
Plaintiffs' last allegation is that several members of the club resigned without submitting their resignations in writing to the board of directors. Louisiana corporation laws do not address the manner in which members may resign. The articles of incorporation provide that members may resign from the club by written resignation submitted to the board of directors, and such resignations shall be effective when accepted by the board of directors. While members may have resigned without submitting a written resignation, this violates no statutory law.
Plaintiff Jones is in the peculiar position of arguing that the corporate veil should be pierced for failure of the corporation to follow regulatory law and its own by-laws, failures which he, as both president and secretary of the corporation, either acquiesced in or caused to occur. Plaintiffs have not alleged that there was a commingling of corporate and shareholder funds, nor that there was a failure to follow the statutory formalities required for the incorporation and transaction of corporate affairs, nor that the corporation was undercapitalized, nor that there was a failure to keep separate bank accounts and bookkeeping records. Plaintiffs have alleged that there was a failure to hold regular shareholder or director meetings, and a failure to properly adopt and amend its by-laws. However, this, along with the failure to abide by the corporation's internal regulations does not amount to the exceptional circumstances which must be present before the corporate veil can be pierced. Louisiana Revised Statute 12:222(B) provides "The by-laws of a corporation shall operate merely as regulations among the shareholders or the members, and shall not affect contracts or other dealings with other persons, unless those persons have actual knowledge of the by-laws." This statute evidences legislative determination that by-laws should affect relations within the corporations itself, but not relations between the corporation and external elements.
Plaintiffs misconstrue the Supreme Court and Fourth Circuit opinions in Ermert and advance no recognizable theory for the existence of a corporate debt or of individual debts for non-profit corporate members who were either not present at the time of the accident or committed no negligent acts or wrongdoing. Plaintiffs argue in brief that the Louisiana Supreme Court in Ermert reversed the Fourth Circuit "only upon finding that a juridical entity in the nature of an unincorporated association had not been formed between the negligent hunter and his hunting friends... It stated that it therefore need not consider the issue of an unincorporated association's vicarious liability for the torts of its members and the members' personal liability for the debts of such an association... Thus, the Fourth Circuit's opinion regarding these issues is the latest pronouncement of Louisiana law regarding same." The Fourth Circuit opinion in Ermert of which plaintiffs speak used agency principles and a duty-risk analysis to find that non-tortfeasor members of a hunting club which it found to be an unincorporated association should be held liable for the injuries of another member. The Fourth Circuit stated that the club itself had a duty to plaintiff to adopt and enforce rules *397 to prevent accidental shootings of members and their guests. The Louisiana Supreme Court reversed the Fourth Circuit decision, finding first, that there was no unincorporated association because the club members did not have the requisite intent to form an association, that the non-tortfeasor club members had no vicarious liability based on any membership in an unincorporated association, and since there was no allegation or proof that the tortfeasor member was the servant of any of the other members, these individuals were not secondarily liable for the negligence of the tortfeasor in shooting the plaintiff in the foot. This does not aid plaintiffs' case. The case sub judice concerns a corporation, not an unincorporated association. If there was a duty on the part of the corporation to make and enforce safety rules, as plaintiffs allege, the existence of such a group duty would not result in individual liability for the corporation members. As a general rule, individual shareholders are not responsible for corporate debts. Nothing in the law prohibits a person or persons from forming a corporation primarily or even solely for the purpose of avoiding unlimited personal liability. Sampay v. Davis, 342 So.2d 1186 (La.App. 1st Cir.1977); Johansen v. Port Jewell Inc., 351 So.2d 184, 186 (La.App. 4th Cir.1977); Camp v. Gibbs, 331 So.2d 517, 520 (La.App.2d Cir.1976).
Therefore, for the foregoing reasons, the motion for summary judgment is sustained and the plaintiffs are cast for all costs.[1]
AFFIRMED.
LOTTINGER, J., concurs in the result.
NOTES
[1] We note that plaintiffs argue in brief to this court that Kirk-Van Orsdel, Inc., the NRA excess insurance agent, should be estopped from denying personal liability coverage of the members of the club. This issue is not related to the defendant's motion for partial summary judgment and is not properly before the court at this time.