JjRALPH E. TYSON,
Judge Pro Tem.
Plaintiff, Joshua Gill, appeals from a trial court’s granting of a motion for summary judgment in favor of defendant, Bonn Station Partnership. We reverse and remand.

FACTS AND PROCEDURAL HISTORY

On or about February 17, 1994, plaintiff, Joshua GDI (Mr. Gill) was injured at his place of employment, the Baton Rouge Hilton Ho *12 tel. Mr. Gill, a room service waiter, alleges that he was stepping back off of an elevator while pulling a room service cart and was injured because the elevator failed to stop at the same level as the floor.
Mr. Gill filed the instant tort suit on December 2, 1994 and named several defendants, including Marie McCauley Bickham, Bonn Station Partnership, and Joseph, Ltd. (collectively referred to as “defendants”).[2] Mr. Gill alleged that the hotel was owned by Marie Bickham and/or Bonn Station Partnership, a partnership whose partners were Marie Bickham and Joseph, Ltd. Mr. Gill further alleged that the defendant owners were liable under theories of negligence and/or strict liability.
Defendants subsequently filed an answer, generally denying the allegations contained in the petition.
A petition for intervention was filed by Mel, Inc./Hilton Hotel and General Casualty Insurance Company. The petition for intervention alleged that Mel, Inc./Hilton Hotel and General Casualty Insurance Company were entitled to subrogation rights under the provisions of LSA-R.S. 23:1102 and 23:1162 for all medical benefits paid on behalf of Mr. Gill, an employee of Mel, Inc./Hilton Hotel.
^Thereafter, defendants amended their answer to allege that, at the time of the accident, Marie Bickham, Bonn Station Partnership, and Joseph, Ltd. were partners in a partnership which owned and operated the Baton Rouge Hilton. The amended answer further alleged that Mr. Gill was an employee, borrowed servant, or statutory employee of defendants through this partnership; therefore, Mr. Gill’s sole remedy against defendants was the payment of workers’ compensation benefits.
On October 17, 1995, defendants filed a motion for summary judgment. In support of its motion for summary judgment, defendants alleged that (1) Mr. Gill was in the course and scope of his employment at the time the alleged accident occurred; (2) Mr. Gill was employed by the Baton Rouge Hilton Partnership; (3) Bonn Station Partnership is a partner in the Baton Rouge Hilton Partnership; (4) Marie Bickham and Joseph, Ltd. are partners in Bonn Station Partnership and (5) the Baton Rouge Hilton property is owned by Bonn Station Partnership.
In support of these contentions, defendants submitted several exhibits to establish that Mr, Gill was employed by the Baton Rouge Hilton at the time of this accident.[3] Defendants also introduced the affidavit of Curtis K. Stafford, general counsel to Bonn Station Partnership, Marie Bickham, and Joseph, Ltd. In this affidavit, Mr. Stafford set forth the various relationships between the parties and their property interests, summarized as follows:[4]
|4Baton Rouge Properties Partnership is a Louisiana partnership formed in November of 1986.
Baton Rouge Properties Partnership and Larken, Inc., an Iowa corporation, formed a partnership known as Baton Rouge Hilton Partnership on May 28, 1987. At this time, Baton Rouge Properties Partnership owned the property consisting of the hotel. By way of the Articles of Partnership, Baton Rouge Properties Partnership contributed the full and complete use of the hotel and the Hilton Hotel franchise, and retained the complete ownership of and title to the hotel.
*13 By act of transfer of partnership property, dated June 28, 1991, Baton Rouge Properties Partnership conveyed the Hilton Hotel property to the Succession of Talmadge D. Bickham, Jr. in full payment and liquidation of the succession’s interest in the partnership. The Succession subsequently transferred its interest in the property to Marie Bickham.
On June 28, 1991, Bonn Station Partnership was formed with Joseph, Ltd. and Marie Bickham as general partners.
By Act of Exchange, dated June 28, 1991, Marie Bickham conveyed all of her rights, title and interest in the property consisting of the Hilton Hotel to Bonn Station Partnership.
On June 28, 1991, by amendment to the Articles of Partnership of Baton Rouge Hilton Partnership, Marie Bickham was substituted in the place of Baton Rouge Properties Partnership as a partner in the Baton Rouge Hilton Partnership.
On June 28,1991, by second amendment to the Articles of Partnership of Baton Rouge Hilton Partnership, Bonn Station Partnership was substituted in place of Marie Bickham as a partner in the Baton Rouge Hilton Partnership.
As of the date of aceident, February 17, 1994, Baton Rouge Hilton Partnership consisted of Larken, Inc. and Bonn Station Partnership and managed the hotel. Bonn Station Partnership consisted of Marie Bickham and Joseph, Ltd. as its partners. The property consisting of the Hilton Hotel was owned by Bonn Station Partnership, and neither Marie Bickham- nor Joseph, Ltd. had an ownership interest in the property.
Defendants argued that, under LSA-R.S 23:1032, the exclusive remedy of Mr. Gill against the individual partners of his employer was workers’ |¡¡compensation. Thus, Bonn Station Partnership, and its partners, Marie Bickham and Joseph, Ltd., are immune from suit in tort.
Mr. Gill filed an opposition to defendants’ motion for summary judgment arguing that (1) there were genuine issues of material fact as to the identity of Mr. Gill’s employer and the relationship, if any, between Mr. Gill’s employer and the Baton Rouge Hilton Partnership and (2) defendants had not alleged any facts material to the applicability of LSA-R.S. 23:1032. In support of his opposition to defendants’ motion for summary judgment, Mr. Gill introduced into evidence a copy of the petition of intervention filed by Mel, Inc./Hilton Hotel and General Casualty Insurance Company, which avers that Mr. Gill is an employee of Mel, Inc./Hilton Hotel.
Defendants subsequently filed a response to Mr. Gill’s opposition and alleged that Mel, Inc. (Midwest Employee Leasing, Inc.) provided employees to Larken, Inc., in Larken, Inc.’s capacity as general managing partner of the Baton Rouge Hilton Partnership (which is comprised of Larken, Inc. and Bonn Station Partnership). The response further alleged Mel, Inc. provided employees to Larken, Inc. for the management, maintenance and operation of the Hotel. Thus, defendants contended that, under LSA-R.S. 23:1061, the Baton Rouge Hilton Partnership was Mr. Gill’s statutory employer because the work performed by Mr. Gill is an integral part of the hotel business and is part of the trade, business, or occupation of the Baton Rouge Hilton Partnership.
After a hearing, held on November 27, 1996, the trial court subsequently granted summary judgment in favor of defendants, Marie Bickham, Joseph, Ltd. and Bonn Station Partnership, and dismissed Mr. Gill’s claims. In brief reasons for judgment, the trial court found that Bonn Station Partnership was Mr. Gill’s statutory employer.
I (¡Thereafter, Mr. Gill filed a motion for new trial, only as to the judgment in favor of Bonn Station Partnership. In support of his motion for new trial, Mr. Gill contended that the Bonn Station Partnership, the owner of the hotel property, failed to establish a contractual relationship between his direct employer (Mel, Inc.) and the presumed statutory employer (Bonn Station Partnership). The trial court subsequently denied Mr. Gill’s motion for new trial on February 26, 1996.
It is from this judgment that Mr. Gill now appeals.

*14
SUMMARY JUDGMENT

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Kidd v. Logan M. Killen, Inc., 93-1322, p. 4 (La.App. 1st Cir. 5/20/94); 640 So.2d 616, 618. It is well settled that the granting of summary judgment is proper only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Lewis v. Diamond Services Corporation, 93-1150, p. 5 (La.App. 1st Cir. 5/20/94); 637 So.2d 825, 828, writ denied, 94-1638 (La.10/14/94); 643 So.2d 159.
A fact is material if its existence is essential to the plaintiffs cause of action under the applicable theory of recovery and without which the plaintiff could not prevail. Material facts are those that potentially insure or preclude recovery, affect the litigant’s ultimate success, or determine the outcome of a legal dispute. Penalber v. Blount, 550 So.2d 577, 583 (La.1989); Kidd v. Logan M. Kitten, 640 So.2d at 619.
The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted. Kidd v. Logan M. Killen, Inc., 640 So.2d at 619. |7To satisfy this burden, the mover must meet a strict standard by showing that it is quite clear what the truth is and excludes any real doubt as to the existence of material fact. Kidd v. Logan M. Kitten, Inc., 640 So.2d at 619.
The jurisprudence has traditionally held that summary judgments were not favored and should be used cautiously and sparingly. Penalber v. Blount, 550 So.2d at 583. In determining whether material facts had, in fact, been disposed of, any doubt was to be resolved against granting the summary judgment and in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772, 775 (La.1980). This was true even if grave doubt existed as to a party’s ability to establish disputed facts at trial. Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068, 1070-71 (La.App. 3rd Cir.1985). Where the trial court was presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits, and depositions, the reasonable inferences were required to be viewed in the light most favorable to the party opposing the motion. Jones v. Briley, 593 So.2d 391, 393 (La.App. 1st Cir.1991). However, by Acts 1996, First Extraordinary Session, No. 9, the legislature amended LSA-C.C.P. art. 966, stating in § A(2) the following:
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
Appellate courts are to review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318, 325 (La.1993). Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. |gSun Belt Constructors, a Division of MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350, 352 (La.App. 5th Cir. 1988).
When a principal contracts with another to perform work for him that is part of the principal’s trade, business or occupation, the principal is liable to pay workers’ compensation benefits to any injured employee of the contractor. LSA-R.S. 23:1061 [5]. In ex *15 change for the responsibility placed on the principals, or statutory employers, tort immunity for the work-related injuries suffered by the employees of the employer’s contractors and subcontractors is provided to the employers. LSA-R.S. 23:1032[6]. Thus, a finding of statutory employment ^depended upon the determination that the contract work is considered a part of the principal’s trade, business or occupation. Favron v. Gulf States Utilities Company, 93-1603 pp. 5-6 (La.App. 1st Cir. 11/23/94); 649 So.2d 983, 985-86.
In the present case, Bonn Station Partnership contends that, at the time of the alleged accident, Bonn Station Partnership was the statutory employer of Mr. Gill. Bonn Station Partnership alleged that its partner in the Baton Rouge Hilton Partnership, Larken, Inc., was provided employees by Mel, Inc. for the management, maintenance and operation of the Hilton Hotel. However, we find that genuine issues of material fact exist as to whether a contract to provide employees existed between Larken, Inc. and Mel, Inc. See Butterfield v. C & M Construction, 96-225 p. 5 (La.App. 3rd Cir. 6/5/96); 676 So.2d 659, 662, writ denied, 96-1732 (La.10/11/96); 680 So.2d 650; Jones v. Airport Systems International, 28,278 (La.App. 2nd Cir. 4/3/96); 671 So.2d 1176. Additionally, genuine issues of material fact exist as to whether Mr. Gill was performing work which was a part of Bonn Station Partnership’s trade, business or occupation. These disputed issues preclude the granting of summary judgment.

{^CONCLUSION

For the foregoing reasons, the judgment of the trial court, granting summary judgment in favor of Bonn Station Partnership and dismissing Mr. Gill’s claims, is hereby reversed. The case is remanded to the trial court for further proceedings. Costs of this appeal are assessed to Bonn Station Partnership.
REVERSED AND REMANDED.
FITZSIMMONS, J., concurs and assigns reasons.
WHIPPLE, J., concurs for reasons assigned by FITZSIMMONS, J.

. Another named defendant, Schindler Elevator Corporation, is not a party to this appeal.

. Exhibit 1 is the petition for damages filed by Mr. Gill in which he avers that his place of employment is the Hilton Hotel. Exhibit 2 is Mr. Gill’s Answers to Interrogatories in which he stated that he is a direct employee of the Hilton Hotel. Exhibit 3 is an excerpt from Mr. Gill's deposition in which he stated that he was employed by the Hilton Hotel.

. Attached to Mr. Stafford’s affidavit were the following documents: the Articles of Partnership of Baton Rouge Hilton Partnership; the First Amendment to Articles of Partnership of Baton Rouge Hilton Partnership; the Second Amendment to Articles of Partnership of Baton Rouge Hilton Partnership; the Act of Transfer of Partnership Property by Baton Rouge Properties Partnership to Partners of Baton Rouge Properties Partnership; the Articles of Partnership of Bonn Station Partnership; and the Act of Exchange by Marie M. Bickham to Bonn Station Partnership

. LSA-R.S. 23:1061 provides, in pertinent part, as follows:
A. When any person, in this Section referred to as the "principal”, undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person, in this Section referred to as the "contractor”, for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in *15 tile execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. The fact that work is specialized or nonspecialized, is extraordinary construction or simple maintenance, is work that is usually done by contract or by the principal's direct employee, or is routine or unpredictable, shall not prevent the work undertaken by the principal from being considered part of the principal’s trade, business, or occupation, regardless of whether the principal has the equipment or manpower capable of performing the work.

. LSA-R.S. 23:1032 provides, in pertinent part, as follows:
A.(l)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
(b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.
(2) For purposes of this Section, the word "principal” shall be defined as any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.